977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James A. BYRD, Defendant-Appellant.
 No. 91-5731.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before KEITH and RYAN, Circuit Judges, and ALDRICH, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 This is an appeal from the sentence imposed in the United States District Court for the Eastern District of Tennessee, following James A. Byrd's guilty plea to bank robbery, 18 U.S.C. §§ 2, 2113(a), and (d), and use of a firearm in relation to a bank robbery, 18 U.S.C. § 924(c).
 
 
 2
 Byrd challenges the computation of his criminal history score under the sentencing guidelines. He argues that the district court improperly included in the computation a constitutionally invalid Colorado state conviction for the offense of felony menacing, Colo.Rev.Stat. § 18-3-206. Specifically, the defendant argues that, at the time of his guilty plea to the Colorado offense, he was not advised by the state trial judge that use of a deadly weapon was an essential element of the offense of felony menacing. The government acknowledges that the Colorado district court failed to advise Byrd that use of a deadly weapon was an element of the offense. Nevertheless, the government argues, Byrd's guilty plea was constitutionally valid for federal due process purposes because Byrd was aware that use of a deadly weapon was an element of the offense and acknowledged using such a weapon in committing the offense.
 
 
 3
 We conclude that the defendant's assignment of error is without merit and we shall therefore affirm the judgment and sentence.
 
 I.
 
 4
 After receiving Byrd's plea of guilty to the bank robbery and firearm charges, the district court directed that a presentence report be prepared. After receiving the report, the defendant filed objections on a number of grounds, some of which were ultimately withdrawn. The defendant persisted, however, to object to the presentence report's determination that he should receive twelve criminal history points (category V). Byrd claimed that he should be assigned only nine criminal history points (category IV). The contested three points relate to a 1988 Colorado conviction for felony menacing. That conviction, the defendant argues, although entered following his guilty plea, is constitutionally invalid because the court failed to advise Byrd that an essential element of the crime of felony menacing is the use of a deadly weapon.
 
 The Colorado Menacing statute provides:
 
 5
 18-3-206. Menacing. A person commits the crime of menacing if, by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but, if committed by the use of a deadly weapon, it is a class 5 felony.
 
 
 6
 Colo.Rev.Stat. 18-3-206 (emphasis added). Before accepting Byrd's guilty plea, the Colorado court stated:
 
 
 7
 THE COURT: You understand what the elements of the offense of criminal menacing are that the defendant, that you, in the State of Colorado, at or about the date and place charged, by threat or physical action, knowingly placed or attempted to place another person in fear of imminent serious bodily injury.
 
 
 8
 The government concedes, as indeed it must, that the Colorado trial court did not advise Byrd that use of a deadly weapon was an element of felony menacing.
 
 
 9
 Consequently, Byrd argues, his guilty plea to the Colorado conviction was neither a voluntary nor a knowing and intelligent admission of guilt because he did not receive "notice of the true nature of the charge against him." People v. Cabral, 698 P.2d 234, 235 (Colo.1985). This lack of notice, Byrd insists, denied him of due process of law under the federal constitution because a "waiver of right to trial by jury cannot be presumed from a silent record."
 
 
 10
 Byrd's argument is summarized in the following statement from the first paragraph of his brief on appeal:
 
 
 11
 The basis of the objection is that the record of the conviction which was presented at the sentencing hearing does not show that defendant was advised of all of the elements of the offense of felony menacing.
 
 
 12
 (Emphasis added.)
 
 
 13
 Byrd does not contest that he used a firearm in the commission of the Colorado offense. Nor does he claim that, at the time he pleaded guilty to that offense, he was unaware that use of a firearm was an essential element of the offense. Rather, he claims only that the Colorado conviction is invalid and may not be considered for federal sentencing purposes because the state court did not advise him that the use of a deadly weapon was an essential element of the felony menacing charge.
 
 
 14
 During the colloquy with the United States District Court at the sentencing hearing, counsel for Mr. Byrd was even more forthcoming in discussing the Colorado guilty plea.
 
 
 15
 Factually, there was factually a gun involved. That was part of, for instance, the kidnapping charge. Ultimately, that got dismissed.
 
 
 16
 Now we are talking about a technical defect in the sense that it is something that was not done procedurally at the time he entered his plea. At the time he entered his plea, there was a reference to every element of the offense to which he stood charged with the exception of the use of the deadly weapon. That, the record is completely silent on.
 
 
 17
 ....
 
 
 18
 Your Honor, there is no such proffer, nor will there be that actually, in fact, he didn't know there was a weapon....
 
 
 19
 The government responds that the United States District Court correctly concluded that the constitutional validity of the Colorado conviction does not turn exclusively upon the correctness of the state court's recitation of the elements of the offense of felony menacing. Instead, the key inquiry is whether the defendant knew and understood the elements of the offense to which he was pleading guilty, and whether the plea was voluntary. Brady v. United States, 397 U.S. 742, 748 (1970). The government argues that there was an abundance of evidence in the record before the district court to indicate that, at the time of his Colorado guilty plea, Byrd was well aware that the use of a deadly weapon was an essential element of the felony menacing charge; that he later acknowledged that he pleaded guilty to the charge knowing that use of a weapon was an element; and that his plea was therefore knowing and voluntary.
 
 
 20
 The district court made specific findings of fact at the sentencing hearing before determining that the Colorado felony menacing conviction was properly included in the calculation of Byrd's criminal history score. The district court observed that the charging document in the Colorado prosecution, the information, specifically alleged that the offense to which Byrd pleaded guilty was committed with the use of a deadly weapon, a rifle. The district court found that Byrd's state court attorney specifically explained to Byrd all of the elements of the offense of felony menacing, including the element regarding use of a deadly weapon. Furthermore, in correspondence with the Colorado state court, Byrd admitted that he used a weapon. Finally, the district court noted that, in a pleading filed by the defendant, pro se, in the Jefferson County Colorado District Court, Byrd admitted he had the rifle at the time the menacing was done and acknowledged that the rifle was an essential element of the felony menacing crime.
 
 
 21
 To the foregoing specific findings of fact by the district court, the government adds that the defendant does not allege on appeal, and has never alleged, that he was unaware that an essential element of the felony menacing charge was the use of a deadly weapon. Neither has defendant ever claimed he did not use a weapon in connection with the Colorado offense.
 
 
 22
 We know of no authority, and the defendant cites none, for the proposition that a state court conviction is invalid under the due process clause of the United States Constitution solely for the reason that, at the time a guilty plea is offered in a state court, the defendant was not advised by the court of an essential element of the offense.
 
 
 23
 This is not a case in which the federal court, at sentencing, is asked to presume the validity of a state conviction from a "silent record." % yBoykin, supra. Here, the record contains clear and uncontradicted evidence that, at the time the defendant offered his guilty plea before the Colorado state court, he was well aware that the use of a deadly weapon was an essential element of the offense to which he was pleading guilty, and that he, in fact, used a firearm in the commission of that offense.
 
 
 24
 We conclude, therefore, that the district court correctly rejected Byrd's attack upon the validity of the Colorado conviction, and properly included that conviction in the computation of Byrd's criminal history score under the sentencing guidelines.[1]
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 We decline to address the question whether a federal district court may, in a federal sentencing proceeding, entertain a collateral attack upon the validity of a prior state conviction used in calculating a defendant's sentence under the sentencing guidelines. That issue was not raised before the district court in this case and was not raised, briefed, or argued in this court. The issue is presently before this court, en banc, in United States v. McGlocklin, No. 91-6121, 1992 WL 76554 (6th Cir. April 20, 1992)